FRAZIER *et al.* v. LEE *et al.*

No. 10259.   FEBRUARY 19, 1935.

G. C. *Webb* and R. R. *Jones,* for plaintiffs in error.
M. C. *Edwards* and *Tom Edwards,* contra.

ATKINSON, Justice.   J. T. Lee Jr. and his wife instituted an

action for injunction and damages against Richard Frazier, Nathan Bolton, and Bo Williams. These defendants filed a demurrer to the petition as amended, on general and special grounds. The Mutual Benefit Life Insurance Company was allowed to intervene as a defendant. The demurrer was overruled, and the demurrants excepted. The following was alleged in the original petition: "(2) That petitioners are living in their home . . where they have resided for more than twenty years. . . Mrs. . . Lee . . was a daughter of J. H. McLendon, who during his lifetime owned large tracts of land adjoining Mrs. . . Lee's residence, and which he deeded to her for a valuable consideration. (3) J. H. McLendon erected a windmill on his land, and same was connected by pipe to the home of petitioners for the purpose of supplying to the petitioners water, and such connection was for a valuable consideration. Petitioners aided in keeping said windmill in condition to operate, and spent labor and money on same up to the present time. Water derived therefrom was used for drinking, bathing, and other domestic purposes, and was and is still the only source of supply available to petitioners. (4) Richard Frazier, Nathan Bolton, and Bo Williams, without any right or authority to do so, on Saturday, January 6, 1934, have wrongfully and maliciously cut said water pipe, plugged up same, and stopped the flow of water from said windmill to petitioners' residence. In 1908, the date of the deed made to said land to Mrs. . . Lee, . . water had been pumped by machinery from the same well, and easement for the use of water has run with the land since that date to this time, and still is in effect. This was known to all of the named defendants, and to all parties for whom they were acting. (5) Petitioners have no other source of water, the keeping of live stock is part of their livelihood, their family will suffer from want of water. The defendant, Richard Frazier, has given petitioners notice to stay off of said land, thus attempting to prevent petitioners from obtaining water for themselves, their family, and their live stock. Said Frazier is not the owner of said land, nor does he occupy the residence from whence the water is obtained; said residence being occupied by Mrs. Fannie Hamby and family. (6) Petitioner believes that Richard Frazier, Nathan Bolton, and Bo Williams are insolvent, incapable of responding to damages that will follow their act and the continuation of interfering with the

easement that runs with said land of Mrs. . . Lee, . . and which is for the benefit of both of petitioners. (7) Petitioners have been demaged in the sum of $500, and will be damaged in other large sums if the tortious acts of the defendants continue, and such acts will necessitate a multiplicity of suits to protect the rights of the petitioners. Petitioners are remediless at common law, and invoke the powers and the authority of a court of equity to protect their rights in the premises. Petitioners have been compelled to employ counsel and to incur various and diver expenses by reason of these unlawful acts of defendants. Wherefore petitioners pray that the defendants named, their agents, assistants, and advisers be restrained and enjoined from interfering with the use of such water or the pipe-line connected with said well, or from stopping the flow of water through said pipe-line for the use and benefit of petitioners. Petitioners pray that said defendants be restrained from interfering in any way with the right and privilege of petitioners of repairing said pipe-line, and from going upon said land for that purpose, and also restrained from preventing petitioners from obtaining water from said well or for doing any other thing necessary to secure the legal exercise of said easement. Petitioners pray that they be granted such other and further relief as is authorized by the evidence and law in said premises, and that defendants be restrained from preventing a free flow of water through said pipe-line or from said windmill, well, and line operating in the same manner in which it has previously been operated. . . ." The amendment alleged the number of the land lot on which the petitioners' dwelling was situated, and the following: "The consideration flowing from Mrs. . . Lee, . . to J. H. McLendon for the latter furnishing water, water rights, and water connections to Mrs. . . Lee, . . was the paying or causing to be paid, by Mrs. . . Lee, . . one certain promissory note for $648, on which J. H. McLendon was liable, said note being mentioned in the deed from J. H. McLendon to Mrs. . . Lee (Lilla Lee) to the land whereon her residence is now located; that Mrs. . . Lee has complied with this condition. That for further considerations for the water rights mentioned were love and affection for a father for his daughter; and agreement by Mrs. . . Lee, . . to aid in keeping in repair said well and its appurtenances, this well being the well located on the J. H. McLendon place,

and being the only well and only source of water from which your petitioners have secured water for domestic purposes during the last twenty-five years. That the grant of said water rights to Mrs. . . Lee, . . by J. H. McLendon was by parol. That grant of said water right was a covenant that ran with the land. That your petitioners have aided constantly, as condition of well has required, in keeping up said well and its appurtenances for drawing water. That J. H. McLendon first erected a pump for drawing water from said well, and Mrs. . . Lee did covenant to aid in keeping said pump in repair. . . The easement therein referred to was a covenant to run with the land and to the heirs and assigns of your petitioner forever by compliance with the various conditions hereintofore set out."

The rulings announced in the first, third, and fourth headnotes do not require elaboration.

"A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." Code of 1910, § 3645; Code of 1933, § 85-1404. "Covenants are to be so construed as to carry into effect the intention of the parties, which is to be collected from the whole instrument, and the circumstances surrounding its execution." *Atlanta, Knoxville & Northern Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (3) (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215). The action was against the defendants as mere wrongdoers in the commission of acts injurious to the water-pipes on the land of McLendon, and in forbidding the plaintiffs to come upon that land to repair the injury, the defendants being without interest, out of possession of the land, and not privy in estate with McLendon. The plaintiffs' alleged right of property was on the theory of an "easement . . covenant to run with the land and to the heirs and assigns of your petitioners forever by compliance with the various conditions hereintofore set out," and it was alleged that the "grant of said water rights" was "by parol" and "was a covenant that ran with the land." The petition does not purport to set forth all the terms of the parol "grant." The allegation that it was a covenant running with the land was the statement of a conclusion which the specific allegations were insufficient to sup-

port.  Other allegations of the petition, construed as they must b̩ most strongly against the petitioners, are to the effect that the well and the equipment were the property of McLendon, and that he furnished water to the petitioners for the considerations expressly alleged in the petition.  Such allegations are to be considered as charging no more than a personal covenant by McLendon to furnish the petitioners water, and not as a license, within the meaning of the Code section cited supra, to the petitioners to obtain water from the well, and not as imposing a burden upon McLendon's land.  The allegations as a whole do not manifest an intent by the parties that the petitioners should have an interest in the land, and they were insufficient to charge such interest in the well and its equipment as would support an action for injunction and damages against the defendants.

*Judgment reversed.  All the Justices concur.*