27859. BEROLZHEIMER et al.v. TAYLOR et al.

UNDERCOFLER, Justice. This is an action for declaratory judgment. It was brought by Charles P. Berolzheimer and others against Mrs. R. A. Taylor, Sr., and her successor in title, the Sea Island Company. Complainants contended that they had acquired an easement running with the land over the property known as Lawrence Plantation under the provisions of

Code § 85-1404. The action was submitted to the trial judge on a stipulation of facts. The complainants appeal from an adverse judgment. The pertinent portions of the stipulation of facts are as follows:

Little St. Simons Island is an island located off the coast of Georgia. It is one of the islands in the chain of Golden Isles. St. Simons Island is located to the southwest of Little St. Simons Island.

Little St. Simons Island was purchased by the Berolzheimer family in 1912, and the descendants of the Berolzheimer family still own the island.

Little St. Simons Island is uninhabited except there has been a caretaker living on the island since its acquisition by the Berolzheimer family in 1912. There are no buildings or other improvements on the island except a hunting lodge, a guest house, dock facilities and several frame houses used by the caretaker and servants.

In the first few years of ownership by the Berolzheimer family, they reached Little St. Simons Island by embarking from one of the docks located in Brunswick which is the mainland town closest to the island. In 1924 a causeway was built from Brunswick to St. Simons Island. Immediately after the causeway was built, the family embarked from Frederica which is located on the Frederica River on the west side of St. Simons Island.

In 1917 the Berolzheimer family employed Captain H. Douglas Taylor who lived at Frederica on St. Simons Island as the caretaker and manager of Little St. Simons Island. Captain Taylor, who is now 91 years of age, has remained as manager of Little St. Simons Island from 1917 until the present; however, he has been inactive for the past 3 or 4 years.

On August 25, 1925, Captain Taylor's brothers, Charlie Taylor, Arthur Taylor, A. R. Taylor and Reginald Taylor, Sr., purchased Lawrence Plantation which is

located on the easterly side of St. Simons Island on Lawrence Creek. Captain Douglas Taylor did not join with his brothers in the purchase of Lawrence Plantation and actually owned no interest in Lawrence Plantation until the death of his brother, Charlie Taylor, in 1933, who died intestate. Thereafter, through various conveyances and devises Lawrence Plantation was acquired by Mrs. R. A. Taylor, Sr. She has resided at Lawrence Plantation in the residence continuously from 1942 until the present.

In 1925, Captain H. Douglas Taylor, as the Berolzheimers' manager, built a dock and a garage on the bluff at Lawrence Creek located on Lawrence Plantation. The expense of building the facilities was borne by the Berolzheimer family and these facilities were used by the Berolzheimer family to get to and from Little St. Simons Island. The Taylor Brothers, excluding Captain H. Douglas Taylor, had their own dock facility on Lawrence Creek for the purpose of operating a fishing camp business. Captain Taylor later constructed, for the Berolzheimers, a cattle chute from Lawrence Creek onto the bluff adjacent to the Berolzheimer dock. Also, rails were installed adjacent to the Berolzheimer dock for the purpose of launching the boats and getting the boats out of the water. The Taylors' dirt and shell road, having two gates and a cattle guard, runs about one mile through the Lawrence Plantation from a county road out to the dock facilities. Since 1925 until the present time, this road, with the aforesaid improvements of the Berolzheimers, has been used by Captain Taylor, as manager of Little St. Simons Island, and by the Berolzheimer family, their employees and guests to get to and from Little St. Simons Island. There is no evidence in this case of an express permission by the Taylors to the Berolzheimers, at any time, to build or rebuild the dock and use the road.

No payments were made by the Berolzheimer family to the Taylors for the use of the road and dock facilities and no objection was made by the Taylors to said use by the Berolzheimer family.

In August, 1927, shortly after the first dock was constructed, a covering was built over the dock to protect supplies and materials placed there for shipment to Little St. Simons Island and new pilings were brought in to reinforce the old dock. These facilities were used uninterruptedly from that time until September,1964, when hurricane "Dora" destroyed the Berolzheimer dock facilities at Lawrence Plantation. Shortly after this destruction, the Berolzheimer family expended $1,592.65 in rebuilding the dock facilities. Mrs. R. A. Taylor, Sr., was residing at Lawrence Plantation approximately 100 yards from the Berolzheimer dock facilities and she neither expressly consented nor objected to the rebuilding of the dock in 1964, nor was any payment made to her by the Berolzheimers for the use of the premises.

Mrs. R. A. Taylor, Sr., wrote a letter to Michael Berolzheimer, one of the sons of Charles Berolzheimer, dated October 15, 1968, stating, "I have been thinking about our conversation concerning the establishment of a fishing club on Little St. Simons and the use of my facilities in connection with same. For many years I have been very glad to accommodate you and your father by providing a place for your boat, etc., and I have been glad to do this without charge although my taxes and expenses continue to increase and my income is not substantial. I am still willing to accommodate you and your family but in connection with your proposed commercial operations on Little St. Simons, I feel that I should be entitled to a minimum rental of $100 a month . . ."

Beginning with a check of $100 dated October 29, 1968, Charles Berolzheimer sent to Mrs. Taylor $100 per

month through December 28, 1971.

On January 27, 1972, Mrs. R. A. Taylor, Sr., entered into an agreement with the Sea Island Company for the sale of Lawrence Plantation.

On March 20, 1972, the Berolzheimer family filed in the Superior Court of Glynn County, Georgia, this petition for declaratory judgment. *Held:*

The appellants base their claim entirely upon Code § 85-1404. As stated in the stipulation, "Petitioners are making no further claim to the use of said road and dock facilities other than a claim of easement running with the land based upon the provisions of Georgia Code § 85-1404."

Code § 85-1404 provides, "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land."

The appellants admit they can not show a parol license to enter upon the land of appellees. However, they argue that under the facts of this case such license is implied and that this comes within said Code § 85-1404 so as to give them an easement running with the land of appellees.

Code § 85-1404 enunciates a principle which would appear to be based on equitable estoppel. Equitable estoppel is not susceptible of a precise definition. However, its purpose is to protect a party from loss. It was never intended to work a positive gain. Code § 85-1404 does not protect a party from loss. It extends an executed parol license where expense has been incurred into an easement running with the land. Therefore, it is something more than equitable estoppel. Appellants are not seeking to protect their rights under the alleged implied license. They seek to establish an easement running with the land. They do

not seek to prevent a loss which would be unconscionable. They seek a property interest in appellees' land under Code § 85-1404 which amounts to a grant. This is not equitable estoppel. See *Peacock v. Horne,* 159 Ga. 707 (126 SE 813).

The difference between an easement and a license is difficult to distinguish under many circumstances. However, fundamentally an easement implies an interest in land which can only be created in writing or by prescription. See *Cook v. Pridgen, Stapler & Dunn,* 45 Ga. 331, 339 (12 AR 582). A license as applied to real property, stated simply, is a right given by the owner to do an act on his property. A license may be created by parol or by implication. A parol license is an express license. An implied license is one which is presumed to have been given from the acts of the licensor. See *Fluker v. Ga. R. & Bkg. Co.,* 81 Ga. 461 (8 SE 529, 2 LRA 843, 12 ASR 328). Under Code § 85-1404 an executed parol license where expenses have been incurred ripens into an easement running with the land.

In our opinion, it is clear that the statute is operative only where there is an express oral license. It does not apply to implied licenses nor is it susceptible to such an interpretation. The statute will not be extended beyond its plain terms so as to establish irrevocable property rights in another's land under an implied license. Compare *Frazier v. Lee,* 180 Ga. 385, 389 (178 SE 722) and *Lee v. Mutual Benefit Life Ins. Co.,* 181 Ga. 544 (183 SE 66).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1973 — DECIDED MAY 10, 1973.

*Nightingale, Liles & Dennard, B. N. Nightingale, Thomas E. Dennard, Jr., Gershon, Ruden, Pindar & Olim, George A. Pindar,* for appellants.

*Gilbert C. McLemore, Jr., Albert Fendig, Jr., Fendig, Dickey, Fendig & Whelchel, Wallace Harrell, Bennet, Gilbert, Gilbert & Whittle,* for appellees.