43865. HINSON v. ROBERTS et al.

(349 SE2d 454)

GREGORY, Justice.

John Hinson filed suit against Sol Roberts and the estate of Blaise Dantone seeking enforcement of a right of first refusal clause in a deed. The trial court granted the defendants' motion for judgment on the pleadings. We reverse.

In 1974, Hinson conveyed property at 1516 Piedmont Road by warranty deed to Dantone. The deed included a "right to first refusal" clause stating Hinson could repurchase the property for the same price and terms offered to Dantone by any future prospective purchaser. Dantone later died.

On September 27, 1983, Dantone's estate entered into a purchase agreement with Roberts, who agreed to buy five tracts of land, including the Piedmont Road property, for $400,000. The purchase price was not allocated among the tracts. On March 12, 1984, Dantone's estate sent notice of the sale and a copy of the purchase agreement to Hinson. On April 17, 1984, Hinson replied that he could not determine the purchase price for just the Piedmont Road property from the purchase agreement. Roberts' attorney later told Hinson he could purchase the Piedmont Road property for $200,000.

On September 21, 1985, Hinson filed suit against Roberts and three representatives of Dantone's estate. In his complaint, Hinson alleges the above facts and asks the court to compel disclosure of the terms and conditions of the deal between Roberts and the estate so he will have an opportunity to exercise his right of first refusal.

---

mus petition in the superior court, but they rested upon the few facts that the parties agreed upon.

The defendants' separate answers do not deny any material facts in the complaint, and also state that the Piedmont Road property was sold on September 26, 1984, for $200,000. The answers did not state whether the property was sold in conjunction with the other four tracts mentioned in the purchase and sale agreement.

Dantone's representatives then filed a motion for judgment on the pleadings in which they contend Hinson failed to state a claim, and that the right of first refusal clause violated the rule against perpetuities. The trial court granted the motion.

We agree with Hinson's contention that the trial court improperly granted judgment on the pleadings. When a motion for judgment on the pleadings is based on the insufficiency of the complaint the motion should not be granted unless the allegations disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. *Frady v. Irvin*, 245 Ga. 307, 311 (264 SE2d 866) (1980). For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. *Pressley v. Maxwell*, 242 Ga. 360, 361 (249 SE2d 49) (1978).

1. First of all, we are persuaded Hinson stated a claim in his complaint. He alleged that the defendants attempted to destroy his right of first refusal by offering the property in question with several other tracts of land and depriving him of the information necessary to exercise his right.

Although this particular question has not been addressed in Georgia, other states have concluded that a seller may not defeat a preemptive right to purchase a particular piece of property by selling that property as part of a larger tract or as part of a package deal containing several tracts with unallocated prices.[1] See *Gyurkey v. Babler*, 651 P2d 928, 932 (Idaho 1982). See also *L. E. Wallach, Inc. v. Toll*, 113 A2d 258 (Pa. 1955); *Guaclides v. Kruse*, 170 A2d 488 (N. J. Super. 1961). These authorities recognize the danger that the preemptor could be denied assurance that he was obtaining the same bargain on the property as was the third-party offeror, and that the "door would be opened to a myriad of unscrupulous endeavors designed to defeat preemptive rights of purchase by manipulation of lot prices within the terms of the larger sale." *Gyurkey*, supra at 933.

The Idaho Supreme Court in *Gyurkey*, supra, went on to hold that even separate pricing of lots within a larger tract to be sold "can be nothing more than an allocation of value in relation to the whole, rather than an independent offer on the included lot, even if done in

---

[1] We have dealt with this question in the context of a right of first refusal to purchase stock or assets of a corporation, and reached the same conclusion as reached in this opinion. *Radio WEBS, Inc. v. Tele-Media Corp.*, 249 Ga. 598 (1) (292 SE2d 712) (1982).

good faith, since the true value of the lot rests in its inclusion as part of the larger sale." Id. at 932.

We adopt the principles stated in the foregoing opinions. Thus, the rule we announce is that the preemptive right of first refusal may not be defeated by the offer of a third party to purchase the land in question as part of a package transaction including one or more additional tracts, even if the purchase price is allocated among the several tracts.

Considering these theories for recovery, the trial court should not have granted the motion for judgment on the pleadings where there were facts pled upon the proof of which Hinson could recover. *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978). Hinson alleged that he was initially told only that the property in question was being sold as part of a package deal with four other tracts of land for $400,000. He was later told he could exercise his right of first refusal and buy the land for $200,000, but he alleged he was not given a basis for this figure. Taking Hinson's pleadings as true and the movant's as false, Hinson stated a valid claim that the defendants' actions deprived him of the opportunity to exercise his right of first refusal.

2. Furthermore, a judgment on the pleadings on the grounds that the right of first refusal clause, where the pricing method is based upon matching the offer of a third party, violates the rule against perpetuities is not proper.

As pointed out in *Shiver v. Benton*, 251 Ga. 284 (304 SE2d 903) (1983), in circumstances such as presented here a right of first refusal is compatible with the policies of commerce and utilization of land, and thus not void as a violation of the rule against perpetuities. Even though a preemptive right may be unlimited in duration, if it requires merely matching the offer of a third party, the future interest of the preemptioner constitutes no impediment to the transfer of the property. *Shiver* at 287. The clause does not then run contrary to the purposes of the rule against perpetuities, such as preventing the tying up of land for an unreasonable length of time, prohibiting restraints on alienation, and assuring the utilization of wealth through development of land by its current beneficial owners. *Shiver* at 286.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986.

*Davis, Matthews, Quigley & Vincent, Ron L. Quigley, Kenneth I. Sokolov,* for appellant.

*Harry S. Kuniansky, Michael L. Russo,* for appellees.