## 44432. HORNSBY v. HOLT.
(359 SE2d 646)

CLARKE, Presiding Justice.

Stephen Holt, appellee, seeks to enforce a right of first refusal against the successful bidder in a sale under power contained in a security deed. The trial court held the right enforceable. We affirm.

In 1968, Grady Holt conveyed 1100 acres of land in equal undivided interests to his two sons, Stephen Holt and Donald Holt. He took back a note and security deed. Upon the death of the father, the note and security deed passed by will to the widow, Mrs. Hornsby, who is the stepmother of Stephen and Donald and the appellant here. In 1980, Stephen and Donald decided to divide the land in kind and they asked Mrs. Hornsby to restructure the financing by taking new notes and security deeds so that each would owe a separate debt and pledge separate collateral. Mrs. Holt agreed, so the prior note was satisfied and the prior security deed was cancelled. To carry out the agreed arrangement, all three parties met at which time Stephen and Donald each gave the other a deed so as to create two separate tracts with each of the brothers owning the entire interest. These deeds con-

tained the following language: "In the event Grantee herein ever elects to sell and convey any of the above described property to any persons other than his wife and children, then he does give to the Grantor herein the right of first refusal to purchase the above described property at the best price obtainable." Simultaneously each son then executed a new note to Mrs. Hornsby for one-half of the remaining debt and delivered to her a new security deed conveying his respective portion of the land.

When Donald Holt defaulted in his payment on the note, Mrs. Hornsby exercised her power of sale granted under the terms of the security deed. She was the highest bidder at the sale, having bid the amount due on the debt. No offer to purchase was made to Stephen Holt, but after the sale he filed this suit alleging that he had been thwarted in his attempt to exercise his right of refusal and paid into the registry of the court the amount bid by Mrs. Hornsby plus interest.

The appeal is from the trial court's grant of summary judgment to Stephen Holt which held he was entitled to specific performance of the right of refusal. The issues number four. First, whether the security deed is subject to the right of first refusal. Second, whether the Grantor in the security deed exercised an election to sell so as to trigger the right of first refusal. Third, whether the right of refusal must have been exercised before the sale under power took place. Fourth, whether the right of refusal violates the rule against perpetuities. We answer the first two yes and the last two no. This results in an affirmance.

1. The validity of the terms of the right of refusal has not been contested. But, Mrs. Hornsby argues that the right has no effect on her security deed. She points out that the deeds between the brothers and the security deeds were executed at the same time and contends that the limitation of title contained in the warranty deeds does not extend to the security deed. To support this position, she says that the parties did not intend the right of refusal to apply to the security deed.

A grantee in a deed takes no greater title than that held by the grantor, see 23 AmJur2d 297, Deeds, § 336, and extraneous evidence cannot vary the terms of a written deed. These two precepts of law control the question of the effect of the right of refusal on the security deed.

As grantor of the security deed, Donald Holt could convey to Mrs. Hornsby only that which he owned. As to the land described in the security deed, he owned fee simple interest but it was subject to the right of first refusal. Since the right of refusal was the property of Stephen Holt, Donald Holt had no right to convey it to Mrs. Hornsby or anyone else. Therefore, the property interest created by the secur-

ity deed was subject to the right of first refusal.

Turning to the issue of the intent of the parties, we hold Mrs. Hornsby cannot prevail. In the absence of fraud, accident or mistake, extraneous evidence cannot vary the terms of a written deed. See also *Logan v. Bond*, 13 Ga. 192 (1853); *Tyson v. Henson*, 159 Ga. App: 684 (285 SE2d 27) (1981). The written instrument is considered the true, complete understanding between the parties and, therefore, provides better evidence than can be furnished by parol. *Rogers v. Atkinson*, 1 Ga. 12 (1846). The rules of evidence forbid the introduction of parol evidence to show that the parties intended something other than that which they wrote. Id.

Evidence of Donald Holt's statement as to the parties' intentions when they drafted the right of first refusal clause cannot contradict the written deed which is unambiguous in itself.

2. The deed from Donald Holt granted to Stephen Holt the right of first refusal only if Donald Holt elected to sell the land. Mrs. Hornsby says Stephen Holt must lose because her sale of the land to herself by exercise of the power of sale contained in the security deed cannot be held to be an election to sell by Donald Holt. Stephen Holt counters with the argument that by the security deed, Donald Holt appointed Mrs. Hornsby his attorney in fact and authorized her to sell the land upon a default. A duly authorized agent may act for the principal and bind the principal. OCGA § 10-6-51. *Ford Motor Co. v. Abercrombie*, 207 Ga. 464 (62 SE2d 209) (1950). To hold that an owner may avoid a right of first refusal by allowing the land to be sold by an attorney in fact emasculates rights of refusal. Donald Holt elected to execute the security deed containing the power of attorney and the possible involuntariness of the sale under power does not help the cause of Mrs. Hornsby. Donald Holt put the wheel in motion for the sale. That is enough.

3. Mrs. Hornsby contends that the failure of Stephen Holt to assert his right of first refusal before the sale under power took place extinguishes the right. The argument must fail because Stephen Holt could not know the price to be paid by another buyer at auction until the auction was complete. This is true whether the auction came about because of a security deed default or because of a private decision to sell publicly. The suggestion that Stephen Holt could and should have bid at the sale also misses the mark. A right of refusal does not require a contest with other potential buyers, nor does it require the holder of the right to pay more than any other buyer.

The question of whether the buyer at a sale under power is bound by the right of refusal must be answered affirmatively. Bidders at public sales have the same constructive notice of duly recorded rights of refusal as any other potential buyer. The safe manner of buying when a right of refusal exists is to secure a recordable waiver

of the right. This was not done here.

4. Finally, Mrs. Hornsby posits that the right of refusal violates the rule against perpetuities. She acknowledges that *Hinson v. Roberts,* 256 Ga. 396 (349 SE2d 454) (1986), held a right of refusal lies outside the rule, but she argues that the terms of the right here differ from those in *Hinson* because the right here goes not only to a named party but to his heirs and assigns. We do not find this to put this case beyond the rule announced in *Hinson.* In that case, we dealt not with the duration of the limitation, but with whether the limitation amounted to a restriction on alienation of title. We held it did not. *Hinson* therefore controls this case.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1987.

*Ronnie Joe Lane, Walter W. Hays,* for appellant.

*Rentz & Shepard, Ronald H. Rentz, Danny S. Shepard,* for appellee.

