### 45029. STONE v. TILLIS.
(365 SE2d 110)

PER CURIAM.

The husband and wife agreed that the husband would pay "for all of the medical bills, life insurance and health insurance on the child of the parties." The issue before us is whether dental and optometric bills incurred on behalf of the child are included in the term "all of the medical bills."

OCGA § 19-7-2 provides: "It is the joint and several duty of each parent to provide for the maintenance, protection, and education of his child until the child reaches the age of majority, except to the extent that the duty of one parent is otherwise or further defined by court order." This duty inheres to both parents, whether married or divorced, until allocated otherwise by a judicial decree. *McClain v. McClain,* 237 Ga. 80, 83 (227 SE2d 5) (1976). See also *Griffin v. Jefts,* 256 Ga. 635 (352 SE2d 386) (1987).

The statute is expressive of the public policy that every child should have the right to receive at the hands of parents such health services as reasonably shall be required to maintain the child in good physical and mental health, and as reasonably shall be required to correct or ameliorate any dysfunction of mind or body.

The agreement in this case was incorporated in the final decree of divorce, and is a reallocation between the parents of elements of this statutory duty. Hence, we interpret it consistently with the breadth of the statute itself.

Accordingly, the term "medical bills" is construed to include those reasonable charges of professionals in generally recognized fields of health care that reasonably are required to maintain this child in good health, and to correct or alleviate any physical or mental dysfunction. That includes, obviously, the reasonable cost of services reasonably required for the child's dental health, and the reasonable costs of providing corrective devices, such as eyeglasses, as reasonably shall be required by the child's optical needs.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Bell, J., who concur in the judgment only.*

DECIDED FEBRUARY 25, 1988.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II,* for appellant.
*William J. Self II,* for appellee.