## S06A1833. PAGE v. BAYLARD.
### (642 SE2d 14)

THOMPSON, Justice.

A final judgment and decree of divorce, incorporating a settlement agreement, was granted to appellant Grant Fred Page ("husband") and appellee Jennifer Renae Baylard ("wife") in 1988. There was one child born as issue of the marriage; wife was awarded custody and husband was obligated for child support.

In 2003 wife brought a petition for contempt alleging, inter alia, that husband refused to reimburse her for certain "health service expenses" incurred by the minor child, for which husband was obligated under the final decree. The trial court entered judgment in wife's favor and ordered husband to reimburse her $23,375, representing his share of the cost of "treatment" for the child at a long-term residential preparatory school, plus $6,040.11 in attorney fees under OCGA § 19-6-2. We granted discretionary review and, for the reasons which follow, we reverse.

The evidence at an evidentiary hearing on the contempt petition established that during the child's adolescent years, she became unruly, ran away from home, abused drugs and alcohol, and was the subject of delinquency proceedings in juvenile court. During that time, wife obtained outpatient treatment for the child at Peachford Behavioral Health System of Atlanta, as well as other psychological counseling. One such counselor recommended a residential long-term treatment facility. Over the next several months, wife researched various such residential programs. In 2002, the child was admitted to Peachford for several days where she received drug detoxification and further evaluation. Upon her discharge from Peachford, wife enrolled the child at ABM Family Preparatory, a residential long-term treatment facility in Westmoreland, Tennessee. It is without dispute that wife had been in communication with the director of ABM over the previous several months while making the decision as to when to enroll the child, and that husband was not consulted prior to the child's admission. In fact, he did not learn of the child's whereabouts until the child had been attending ABM for 16 months.

ABM's director testified that the program consisted of "the basic core curriculum that [a student] would receive in high school . . . five hours a day of schooling." In addition, the child received a total of 50 to 60 hours of individual counseling over the 17 months that she participated in the program. Wife paid ABM $2,750 per month in tuition during the relevant time period, for a total cost of $46,750. The trial court ordered husband to reimburse wife for half that amount as a "medical expense" under the agreement.

1. The relevant provision of the settlement agreement states as follows:

As an additional portion of child support, husband will maintain the child under any dental care and hospitalization program available through his place of employment, and will pay one-half (1/2) of all reasonable and necessary medical and dental expenses incurred on behalf of the child, which are not covered by insurance. In the event that a major expenditure is to be incurred, husband will be consulted prior to services rendered, except in an emergency situation.

Wife asserts that the cost of the child's attendance at ABM is a medical expense within contemplation of the agreement. Even assuming this to be true, the agreement clearly specifies that husband is to be consulted before a major medical expenditure is to be incurred. Wife acknowledges that she did not consult husband in the months that she was compiling information about residential facilities, or at any time prior to the child's enrollment at ABM. Clearly, the monthly tuition of $2,750 was a major expenditure, and although the child's emotional status was urgent, it had been an ongoing problem for a period of several months. Thus, there is no evidence that it was the type of emergency which would relieve wife of her obligation to consult with husband.

A settlement agreement incorporated into a divorce decree is construed according to the same rules that govern contractual interpretation in general, with the cardinal rule being to ascertain the intention of the parties. Where any contractual term of a settlement agreement incorporated into a decree is clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced.

(Footnotes omitted.) *Hall v. Day*, 273 Ga. 838, 839-840 (1) (546 SE2d 469) (2001). The relevant provision of the decree is unambiguous — "[i]n the event that a major expenditure is to be incurred, *husband will be consulted prior to services rendered*, except in an emergency situation." This language creates a condition precedent which must be performed "before a contract becomes absolute and obligatory upon the other party." *Hall v. Ross*, 273 Ga. App. 811, 813 (616 SE2d 145) (2005). The failure of this condition precedent prevents wife from enforcing any right of reimbursement for expenses paid to ABM on behalf of the child. Id. In ruling otherwise, the trial court abused its discretion.

2. In view of our ruling in Division 1, we need not address husband's remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Melton, J., who dissents and Hines, J., not participating.*

MELTON, Justice, dissenting.

Because I believe that, in accordance with the strong public policy underlying OCGA § 19-7-2, Grant Fred Page (Husband) is at least partially responsible to Jennifer Renae Baylard (Wife) for the cost of the medical components of their daughter's residential treatment for drug and alcohol abuse, I must respectfully dissent from the opinion of the majority.

Many of the salient facts in this case are not in dispute. After the divorce of the parties, the parties' daughter (Daughter) began abusing drugs and alcohol, and Wife was advised by a doctor that Daughter needed residential treatment for her mental and addiction problems. As a result of this advice, Wife individually chose to enroll Daughter at ABM Family Preparatory, a residential long-term treatment program where Daughter received both non-medical services such as those available at any private high school and medical services such as psychological counseling.

OCGA § 19-7-2 provides, in relevant part: "It is the joint and several duty of each parent to provide for the maintenance, protection, and education of his or her child until the child reaches the age of majority . . . , except to the extent that the duty of the parents is otherwise or further defined by court order." In this case, Husband maintains that the parties' settlement agreement removed all of his responsibility to pay for Daughter's treatment at ABM. The settlement agreement, in relevant part, states that Husband

> will pay one-half of all reasonable necessary medical and dental expenses incurred on behalf of the child, which are not covered by insurance. In the event that a major expenditure is to be incurred, [H]usband will be consulted prior to services rendered, except in an emergency situation.

In assessing the effect of this agreement, one must not lose sight of the public policy set forth in OCGA § 19-7-2.

> The statute is expressive of the public policy that every child should have the right to receive at the hands of parents such health services as reasonably shall be required to maintain the child in good physical and mental health, and as reasonably shall be required to correct or ameliorate any dysfunction of mind or body.

*Stone v. Tillis*, 258 Ga. 17, 18 (365 SE2d 110) (1988). With this precept in mind, Husband should be relieved from his duty to contribute

towards the cost of necessary medical treatment afforded to Daughter only if the settlement agreement approved by the trial court explicitly and unequivocally provides for such an outcome.

Nothing in the settlement agreement at issue here explicitly relieves Husband of his duty to pay for one-half of necessary medical treatment for Daughter, even in the event of a substantial non-emergency expenditure. The agreement contemplates that, in non-emergency situations, Husband should be allowed to participate in the choice of who should provide medical treatment to Daughter. Even if he is denied this choice, however, Husband has no power to prevent necessary treatment entirely, and, concomitantly, he has no right to be excused from his statutory duty to provide for the necessary treatment of his child. To the extent Husband has been harmed in this case, it is only in the removal of his contractual right to participate in the choice of a medical provider. If, perhaps, Husband can prove that he would have chosen a different treatment program and that program would have been less expensive than one chosen by Wife, his obligation may be reduced.

In this regard, Husband would not be responsible for non-medical services, but he would be responsible for half of the cost of medical services. Therefore, Husband may be able to prove that his obligation should be reduced if it is shown that the services provided to Daughter at ABM may be divided into non-medical services and medical services.

> [T]o the extent that the expenses are for equipment or services which are of a medicinal or therapeutic nature and are prescribed by a physician, they are medical bills for which [Husband] is responsible. This includes therapy by a psychologist. To the extent that expenses are for ordinary necessities for which the custodial parent is responsible, these are not medical bills and are not the responsibility of [Husband].

*Griffin v. Jefts*, 256 Ga. 635, 636 (352 SE2d 386) (1987).

In any event, under the facts of this case, Husband's obligation cannot be extinguished altogether, and the majority errs by reading the settlement agreement so expansively that it negates the important statutory public policy ramifications at play here. For all the reasons set forth above, I believe the trial court's judgment must be reversed and the case remanded for further consideration.

DECIDED FEBRUARY 5, 2007.

*Hait & Eichelzer, Alexander G. Hait, Philip K. Eichelzer*, for appellant.

*Moore, Ingram, Johnson & Steele, Stephen C. Steele, Elizabeth A. Guerrant*, for appellee.