A07A2503. MEINHARDT v. CHRISTIANSON et al.

(656 SE2d 568)

BLACKBURN, Presiding Judge.

Plaintiff Kenneth Meinhardt filed suit against Vickie Christianson, Russell Tillman, and Robert Reed (collectively "defendants"), seeking specific performance of an oral agreement to purchase real estate, injunctive relief barring interference with his use of the subject property, and the removal of obstructions from an easement. He appeals the denial of his motion for interlocutory injunction and further contends that the trial court erred by rendering a final decision on the merits of the case.

The record shows that Meinhardt owns property in Bulloch County, upon which he maintains his residence and operates a farm winery. Meinhardt's property is bounded on its northeast side by property owned by Reed. Since his purchase of the property, Meinhardt has used an easement, which traverses part of Reed's property, as his means of access to the nearby public road to the east. The property to the south of Meinhardt's easement, and which bounds Meinhardt's property on its eastern side, is owned by Christianson. Christianson had acquired a half interest in the property through an executor's deed and later gained full title to the property from her former husband, Tillman, pursuant to the couple's divorce decree. The decree also provided that Tillman retained a right of first refusal if Christianson ever decided to sell the property.

In April 2003, Meinhardt contacted Christianson to discuss purchasing .23 acres of the northernmost part of her property, which he intended to use to create a better means of accessing his own property from the nearby public road. Shortly thereafter, Meinhardt

and Christianson entered into an oral agreement, in which Meinhardt promised to transfer a .23-acre strip along the eastern boundary of his property to Christianson, pay her $1,000, and construct a fence for her in exchange for her transfer of the .23-acre strip of the northernmost part of her property to him. Pursuant to the agreement, Meinhardt had both properties surveyed, orally transferred his .23-acre parcel to Christianson, gave her a check for $1,000 (which she cashed), and began building the fence along the northern side of Christianson's property as promised. However, a closing on the transaction was never conducted, and Meinhardt never obtained a deed from Christianson nor provided her with a deed to the property he was transferring to her.

In June 2003, Tillman's attorney wrote to Meinhardt to inform him that Tillman had a right of first refusal with respect to any sale of Christianson's property. Shortly thereafter, Tillman also wrote to Meinhardt regarding the right of first refusal. Over the next few months, attempts to obtain Tillman's consent to the oral agreement between Meinhardt and Christianson were made but were unsuccessful. Nevertheless, Meinhardt continued to use the property for nearly three more years. In fact, in 2005, Meinhardt brought in a backhoe and fill dirt to improve the driveway on the property acquired from Christianson and thereby provide better access to his winery from the public road. However, in August 2006, Meinhardt received a letter from Christianson's attorney, enclosing a $1,000 check as a return of his payment and demanding that he cease using the property. Additionally, at some point during this three-year time period, Reed erected some fence posts that partially blocked the entrance to the adjacent easement across Reed's property that Meinhardt had originally used to access his property.

In late August 2006, Meinhardt filed a complaint against the defendants, seeking specific performance of the oral agreement to purchase the .23-acre strip of Christianson's property, injunctive relief barring interference with his use of that property, and the removal of obstructions from the original easement across Reed's property. The trial court granted Meinhardt's request for a temporary restraining order against the defendants and set a hearing on Meinhardt's motion for interlocutory injunction.

At the hearing, Meinhardt testified regarding his oral agreement to purchase the .23-acre parcel of Christianson's property and the alleged improvements he made to the property. He also proffered two witnesses who testified that he improved the property and who further testified regarding the historic use of the easement across Reed's property. The only witness to testify on behalf of the defendants was Reed, who admitted to obstructing the easement across his property due to concerns that Meinhardt's winery was creating too

much commercial traffic. Following the hearing, the trial court denied Meinhardt's motion for interlocutory injunction but held that he could access his property via the original easement across Reed's property. In reaching this ruling, the court relied on the following legal conclusions: Meinhardt's claim for specific performance of the oral transfer agreement was barred by the statute of frauds; Meinhardt had no right to use the property; and Tillman's right of first refusal was applicable to any attempted conveyance of any interest in Christianson's property and had not been waived. This appeal followed.

1. Meinhardt first contends that the trial court erred in rendering a final decision on the merits of his claims after the hearing on the motion for interlocutory injunction. We disagree.

"The entry of permanent relief after an interlocutory hearing is improper unless there is an order consolidating the trial on the merits with the hearing on the application for interlocutory injunction as provided in OCGA § 9-11-65 (a) (2), or the parties have acquiesced." *HMC Realty v. Charis Community Housing.*[1] See *RTS Landfill v. Appalachian Waste Systems.*[2] However, the trial court's order in this matter states only that it is denying Meinhardt's motion for interlocutory injunction. The order does not dismiss Meinhardt's claims or otherwise indicate that the trial court rendered a final decision. Accordingly, Meinhardt's contention that the trial court erred by rendering a final decision on his claims lacks a factual premise.

2. Meinhardt also contends that the trial court abused its discretion in denying his motion for interlocutory injunction based on various reasons related to the merits of the case. "The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case." (Punctuation omitted.) *Byelick v. Michel Herbelin USA.*[3] "Trial courts enjoy broad discretion in deciding whether an interlocutory injunction should be imposed, though the power to do so shall be prudently and cautiously exercised." (Punctuation omitted.) *Bernocchi v. Forcucci.*[4] See OCGA § 9-5-8. In determining whether to preserve the status quo, the trial court must give consideration "to whether greater harm might come from granting the injunction or denying it." *Univ. Health Svcs. v. Long.*[5] However, "[i]f the law and the facts make a final order in the plaintiff's favor

[1] *HMC Realty v. Charis Community Housing*, 273 Ga. 817, 818 (546 SE2d 498) (2001).

[2] *RTS Landfill v. Appalachian Waste Systems*, 267 Ga. App. 56, 62 (2) (598 SE2d 798) (2004).

[3] *Byelick v. Michel Herbelin USA*, 275 Ga. 505, 506 (1) (570 SE2d 307) (2002).

[4] *Bernocchi v. Forcucci*, 279 Ga. 460, 461 (1) (614 SE2d 775) (2005).

[5] *Univ. Health Svcs. v. Long*, 274 Ga. 829 (561 SE2d 77) (2002).

unlikely, the interlocutory injunction can be denied based upon the inconvenience and harm to the defendant if it were granted." *Sweeney v. The Landings Assn.*[6] See *Toberman v. Larose Ltd. Partnership.*[7] "The trial court's exercise of its discretion will not be disturbed by an appellate court unless a manifest abuse of that discretion is shown or unless there was no evidence on which to base the ruling." (Punctuation omitted.) *Bernocchi*, supra, 279 Ga. at 461 (1). However, we cannot affirm a trial court's judgment that rests upon an erroneous legal theory. See *Univ. Health Svcs.*, supra, 274 Ga. at 829-830.

Here, Meinhardt argues that the status quo which must be preserved is his possession of and ability to use the .23-acre parcel of property allegedly transferred to him by Christianson. He further argues that the failure to maintain this status quo will not harm defendants because they have not used the property in years but will cause his business considerable harm by hindering his patrons' access to his winery. However, because the trial court's order did not discuss weighing the equities in this matter to determine whether to preserve the status quo, we must assume for the sake of our inquiry that the trial court denied Meinhardt's motion for interlocutory injunction on the ground that it believed that he was unlikely to prevail on the merits. With this in mind, we turn now to whether the trial court abused its discretion in so finding.

(a) *Conveyance of the property.* Meinhardt's primary claim is that the .23-acre parcel of Christianson's property was conveyed to him pursuant to his oral agreement with Christianson. The statute of frauds requires a contract for the sale of land to be in writing. OCGA § 13-5-30 (4). However, "[i]f there has been partial or complete performance by one party to the contract, . . . coupled with acceptance of that performance by the other party to the contract, a writing may not be necessary." *Masters v. Redwine.*[8] See OCGA § 13-5-31. "Courts will enforce specific performance of a real estate contract when the contract has been so far executed by the party seeking relief at the instance or by the inducements of the other party that restoration to the pre-contract position is impossible." *Masters*, supra, 279 Ga. at 435 (2). See OCGA § 23-2-131 (a).

Although the trial court found that the statute of frauds barred Meinhardt's claim that the property had been conveyed to him, it is unclear from the court's order whether it considered Meinhardt's argument that his performance of the contract made a writing unnecessary. Regardless, the trial court also found that Meinhardt's

---

[6] *Sweeney v. The Landings Assn.*, 277 Ga. 761, 762 (2) (595 SE2d 74) (2004).

[7] *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 778 (1) (637 SE2d 158) (2006).

[8] *Masters v. Redwine*, 279 Ga. 432 (1) (615 SE2d 118) (2005).

claim that the property was conveyed to him was barred by the right of first refusal on any sale of the property that was granted to Tillman in his and Christianson's divorce decree. Specifically, the decree provided in part that: "Vickie agrees that Russell will be entitled to a right of first refusal if Vickie decides to sell the home and five acres or to move out and, should he choose to exercise this right of first refusal, Russell agrees to pay to Vickie the appraised fair market value of the home and five acres."

"A settlement agreement incorporated into a divorce decree is construed according to the same rules that govern contractual interpretation in general, with the cardinal rule being to ascertain the intention of the parties." (Punctuation omitted.) *Page v. Baylard*.[9] Where the terms of the decree are "clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced." (Punctuation omitted.) Id. Here, the divorce decree plainly provides that Tillman has a right of first refusal with regard to any sale of Christianson's property. The record also indicates that Tillman informed Meinhardt of this right shortly after learning of the agreement between Meinhardt and Christianson and thus did not waive it. Furthermore, and contrary to Meinhardt's contention, Tillman's right of first refusal applies to attempts to sell any part of the property. In *Hinson v. Roberts*,[10] our Supreme Court held that a "right of first refusal may not be defeated by the offer of a third party to purchase the land in question as part of a package transaction including one or more additional tracts, even if the purchase price is allocated among the several tracts." Logic thus dictates that selling off smaller parts of a tract of land similarly cannot be employed to circumvent a right of first refusal. Accordingly, the trial court correctly concluded that Meinhardt was unlikely to prevail on the issue of whether the property was legally conveyed to him.

(b) *Parol license to use the property*. Meinhardt also contends that he acquired a parol license to use the property, which became an irrevocable easement once he made improvements. OCGA § 44-9-4 provides that "[a] parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in doing so has incurred expense; in such case, it becomes an easement running with the land." See *McCorkle v. Morgan*.[11] The statute "is based on the principle that a license

[9] *Page v. Baylard*, 281 Ga. 586, 587 (1) (642 SE2d 14) (2007).
[10] *Hinson v. Roberts*, 256 Ga. 396, 398 (1) (349 SE2d 454) (1986).
[11] *McCorkle v. Morgan*, 268 Ga. 730, 731 (492 SE2d 891) (1997).

becomes an agreement for a valuable consideration, and the licensee a purchaser for value, where the enjoyment of the license must necessarily be preceded by the expenditure of money." (Emphasis omitted.) Id. "[T]he statute is operative only where there is an express oral license." *Berolzheimer v. Taylor*.[12]

Here, although Christianson was more than likely unable to convey her property to Meinhardt in light of Tillman's right of first refusal, as the owner she did have the power to grant him a parol license for the use of the property. See *Berolzheimer*, supra, 230 Ga. at 600. Meinhardt arguably obtained at least a license to use the property when Christianson attempted to convey it to him. Once Meinhardt paid Christianson $1,000, began using the property, and incurred additional expense in maintaining and improving it, the parol license became an irrevocable easement running with the land. See *Blake v. RGL Assoc.*[13]

Moreover, Christianson's grant of a license to Meinhardt, and his subsequent procurement of an irrevocable easement, was not the legal equivalent of an attempted sale of the property so as to trigger Tillman's right of first refusal. Indeed, "[o]wnership of the soil and the right to an easement are independent. The grantee of an easement is not the owner or occupant of the estate over which the right extends, but the right to the fee and the right to an easement in the same realty are independent of each other, and may well coexist even when vested in different persons." (Punctuation omitted.) *Southern R. Co. v. Wages*.[14] See *Folk v. Meyerhardt Lodge &c.*[15] It therefore follows that Tillman's right to obtain ownership of the property was also independent of Meinhardt's easement.

Under these circumstances, the trial court erred in finding that Meinhardt could not have been granted a parol license to use Christianson's property in light of Tillman's right of first refusal. See *Blake*, supra, 267 Ga. App. at 710 (1). Thus, the trial court relied on an erroneous legal conclusion in denying the interlocutory injunction on that ground. "Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm." (Punctuation omitted.) *Yun v. Um*.[16] Accordingly, we vacate the trial court's denial of Meinhardt's motion for interlocutory injunction and remand the case to the trial court for further proceedings consistent with this opinion.

---

[12] *Berolzheimer v. Taylor*, 230 Ga. 595, 600 (198 SE2d 301) (1973).

[13] *Blake v. RGL Assoc.*, 267 Ga. App. 709, 710 (1) (600 SE2d 765) (2004).

[14] *Southern R. Co. v. Wages*, 203 Ga. 502, 503 (1) (47 SE2d 501) (1948).

[15] *Folk v. Meyerhardt Lodge &c.*, 218 Ga. 248, 249 (127 SE2d 298) (1962).

[16] *Yun v. Um*, 277 Ga. App. 477, 478 (627 SE2d 49) (2006).

*Judgment vacated and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 18, 2008.

Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Charles P. Aaron, for appellant.

Lovett Bennett, Jr., Samantha F. Jacobs, Claude M. Kicklighter, Jr., for appellees.