A11A2403. MEINHARDT v. CHRISTIANSON et al.

(725 SE2d 828)

ADAMS, Judge.

Plaintiff Kenneth Meinhardt filed suit seeking, among other things, specific performance of an oral agreement to purchase .23 acres of real estate from his neighbor Vickie Christianson and injunctive relief barring interference with his use of the subject

---

property as a driveway.[1] The trial court denied Meinhardt's request for an interlocutory injunction regarding the .23-acre tract. And, in an earlier appeal, this Court held the trial court correctly concluded that sale of the property was barred by Christianson's ex-husband's right of first refusal on any sale of the property. *Meinhardt v. Christianson,* 289 Ga. App. 238 (656 SE2d 568) (2008). But this Court also held that the trial court relied on an erroneous legal conclusion when addressing the alternate ground that Meinhardt acquired a parol license to use the property, which became an irrevocable easement once he made improvements. Id. We therefore vacated the trial court's denial of Meinhardt's motion for interlocutory injunction and remanded the case for further proceedings consistent with the opinion. Id. Following remand, the trial court conducted another evidentiary hearing and found that the parties never agreed to a parol license, rather, they only made an oral contract for the sale of land, which, as shown above, was not enforceable. The court also found that, even if there was a parol license, Meinhardt did not acquire an irrevocable easement because his actions only "amounted to ordinary maintenance for use of the road." Meinhardt now appeals that ruling.

The facts from the first hearing are set out in our earlier opinion from which this summary is taken. In April 2003, Meinhardt and Christianson entered into an oral agreement to swap .23 acres of her property in exchange for $1,000, a .23-acre parcel of Meinhardt's property, and Meinhardt's agreement to build a fence for her. *Meinhardt* at 238-239. Thereafter, Meinhardt "had both properties surveyed, orally transferred his .23-acre parcel to Christianson, gave her a check for $1,000 (which she cashed), and began building the fence along the northern side of Christianson's property as promised." Id. at 239. However, no closing was conducted, and the two parties did not exchange deeds to the two parcels. Id.

When Christianson's ex-husband, Russell Tillman, who had a right of first refusal on any sale of the property by Christianson, became aware of the agreement, he refused to allow the sale to proceed. *Meinhardt* at 239.

> Nevertheless, Meinhardt continued to use the property for nearly three more years. In fact, in 2005, Meinhardt brought in a backhoe and fill dirt to improve the driveway on the property acquired from Christianson and thereby provide better access to his winery from the public road.

---

[1] Meinhardt also sought relief relative to a second easement over property owned by Robert Reed. That easement is not a subject of the present appeal.

Id. In August 2006, however, Christianson's attorney sent Meinhardt a $1,000 check as a return of his payment and demanded that he cease using the property, thereby prompting Meinhardt's suit. Id.

1. Meinhardt first contends the trial court erred on remand by relitigating matters conclusively established by this Court in the first appeal. He contends the earlier appeal conclusively established that Christianson granted him a parol license to use her .23-acre parcel and that the license ripened into an irrevocable easement as a result of his incurring expense maintaining and improving the way.

The prior appeal considered the denial of an interlocutory injunction, not a final decision on the merits. *Meinhardt* at 239. Thus this Court had to determine whether the trial court abused its discretion when considering whether it should "preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case. [Cit.]" Id. at 240 (2). And, "because the trial court's [original] order did not discuss weighing the equities in this matter to determine whether to preserve the status quo," this Court had to "assume for the sake of our inquiry that the trial court denied Meinhardt's motion for interlocutory injunction on the ground that it believed that he was unlikely to prevail on the merits." Id. at 241 (2). We then held that because Christianson's ex-husband's right of first refusal on any sale of Christianson's property applied to the sale of the .23-acre parcel, "the trial court correctly concluded that Meinhardt was unlikely to prevail on the issue of whether the property was legally conveyed to him." Id. at 242 (2) (a).

We next found a legal error in the court's analysis of whether Meinhardt was likely to prevail on his claim of a parol license that ripened into an easement. *Meinhardt* at 243 (2) (b). In so doing, we made the primary statement upon which Meinhardt relies:

> Meinhardt arguably obtained at least a license to use the property when Christianson attempted to convey it to him. Once Meinhardt paid Christianson $1,000, began using the property, and incurred additional expense in maintaining and improving it, the parol license became an irrevocable easement running with the land. [Cit.] Moreover, Christianson's grant of a license to Meinhardt, and his subsequent procurement of an irrevocable easement, was not the legal equivalent of an attempted sale of the property so as to trigger Tillman's right of first refusal.

Id.

Meinhardt contends that based on the above language, the prior appeal established as a matter of fact that he obtained a license and it ripened into an easement. But, as shown by the word "arguably,"

this Court stopped short of such a finding. Moreover, the posture of the case shows that the statement was simply a part of the analysis of the facts as presented to the lower court at an interlocutory determination of whether Meinhardt was likely to prevail if the case proceeded to a final resolution on the merits, which might involve the presentation of additional evidence. See generally *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers*, 223 Ga. 784, 788 (158 SE2d 248) (1967) ("The purpose of an interlocutory injunction is preliminary and preparatory; it looks to a future final hearing, and while contemplating what the result of that hearing *may be*, it does not settle what it *shall be*.") (Emphasis in original.).

Thus, Meinhardt is incorrect that the prior appeal established as a matter of fact that he received a parol license that ripened into an irrevocable easement.

2. Next, Meinhardt contends the trial court erred as a matter of law by finding that Christianson did not grant him a parol license to use the .23-acre tract.

(a) As a preliminary matter, we again need to address the procedural posture of this appeal. As has been shown, following remand the court conducted a second hearing. The rule nisi states that the hearing was "for the purposes of considering, *inter alia*, whether or not [Meinhardt] was granted a parol license to use the property of [Christianson]"; the topic of interlocutory injunctions is not mentioned. At the hearing, although Meinhardt's attorney initially stated that he did not understand why a hearing was necessary, ultimately, the court indicated that it was going to have an evidentiary hearing, following which it would issue an order, and it invited the parties to present whatever evidence they desired. Meinhardt did not object to this procedure, nor has he raised the issue on appeal; in fact, Meinhardt characterizes the appeal as one following "a non-jury trial of disputed material facts." "[W]here there is notice of an interlocutory hearing, a trial court may reach a final determination of the issues if the parties do not object or have acquiesced." *Dortch v. Atlanta Journal*, 261 Ga. 350, 351 (1) (405 SE2d 43) (1991). Furthermore, the court did not indicate in its order that it was only addressing Meinhardt's motion for interlocutory injunction. Rather, read as a whole, it can only be seen as a final order regarding Meinhardt's claims relative to Christianson. We therefore conclude that this is an appeal of a final order on the merits following a bench trial. Cf. *Ga. Canoeing Assn. v. Henry*, 263 Ga. 77, 78 (428 SE2d 336) (1993) (at bench trial on the merits, trial court may consider evidence heard in connection with interlocutory injunction and any additional evidence that the parties wish to present). We therefore review any disputed material facts under the clearly erroneous or any evidence standard, although we review

assertions of legal error de novo. OCGA § 9-11-52 (a); *Glover v. Ware*, 236 Ga. App. 40, 44 (3) (510 SE2d 895) (1999). Both parties agree with this standard of review.

(b) Meinhardt contends the trial court erred in making this factual finding:

> The record does not show that Meinhardt and Christianson intended to establish a license, or that Christianson granted an express license, at the time they entered into the parol contract. Indeed, the relief that Meinhardt seeks, specific performance of the parol contract by requiring Christianson to execute and deliver a deed conveying [the .23 acre parcel] in fee simple to Meinhardt, indicates that the transaction was a contract for the sale of land, not the grant of a license.

Meinhardt first argues that Christianson admitted that she granted him the right to use the relevant property to access his property. At the first hearing on the interlocutory injunction, Christianson was present but did not testify. But her attorney made the following statement during argument in open court:

> My client does contend . . . that there was no contract for this property. *Obviously, she did allow Mr. Meinhardt to use the property.* But the property was never conveyed. She never entered into a contract to do that. She never went to a closing. She never signed any document. . . .

Meinhardt argues that the emphasized statement was an admission in judicio. But, taken in context, the statement could be read to mean that Christianson allowed Meinhardt to use the property in connection with the attempted sale, which was never consummated. See *Morgan v. Howard*, 285 Ga. 512, 513 (3) (678 SE2d 882) (2009) (alleged admissions in judicio may be read in context to determine meaning). Therefore the trial court had a basis to consider other evidence on this question.

Meinhardt next argues that the trial court was required to conclude that, given the express intent of the parties to transfer ownership of the .23-acre parcel, Christianson necessarily impliedly intended to grant to him "authority to do a particular act or series of acts on land of another without possess[ing] any estate or interest therein,"[2] thereby creating a license. But we conclude the trial court's primary ruling was not clearly erroneous. It does not necessarily follow that a person has granted a second person a parol

---

[2] *Forsyth County v. Waterscape Svcs.*, 303 Ga. App. 623, 634 (3) (694 SE2d 102) (2010).

license to use property just because the first person attempted to sell that property to the second person and let them use it in contemplation of that transaction. Moreover, although Meinhardt contends that in addition to the $1,000 payment and building a fence, he agreed to transfer .23 acres of his property to Christianson, he never did so. Christianson testified "What he told me, he was going to do all the paperwork, everything was going to be fine." She also testified that the purpose of the $1,000 was as a binder on the sale transaction, that she received paperwork, and there were discussions about a closing. But the closing never occurred. And she testified that she did not allow him to use the driveway thereafter; rather, Meinhardt "just did." Thus, the trial court had some evidence as a basis for its conclusion that no parol license was ever granted.

Although Meinhardt presented facts showing that Christianson cashed the $1,000 check in April 2003 and did not try to return it until August 2006; that he continued to use the driveway after she took the money; that she never maintained the road whereas he did; and that she knew he had been using the way continuously ever since, none of these facts mandates the conclusion that she granted him a license to use the way separate from the proposed sales transaction.

Because there was some evidence to show that Christianson never agreed to a parol license to use the way, the trial court's order must be affirmed, and we need not reach Meinhardt's argument that the trial court erred by not finding that the license ripened into an easement.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED MARCH 9, 2012.

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Charles P. Aaron,* for appellant.
*Lovett Bennett, Jr., Samantha F. Jacobs,* for appellees.

