A90A1058. PERRYMAN v. DeKALB COUNTY HOSPITAL AUTHORITY et al.
(398 SE2d 745)

CARLEY, Chief Judge.
The relevant facts in this appeal are as follows: In September of 1985, appellant-plaintiff's wife died after undergoing a medical procedure which was performed at appellee-defendant DeKalb County Hospital Authority's (Authority) facility by appellee-defendant Dr. J. Michael Luckett. Dr. Luckett is affiliated with appellee-defendant Radiology Associates of DeKalb, P.C. (RAD) and is an independent staff physician at the Authority's facility. After his wife's death, appellant filed the instant suit. As against Dr. Luckett, he alleged a claim for medical malpractice and, as against the Authority and RAD, he alleged a claim for the negligent hiring and retention of Dr. Luckett. The Authority filed a motion for summary judgment and Dr. Luckett and RAD filed motions in limine to prevent appellant from

introducing at trial certain allegedly inadmissible evidence adduced on discovery. The trial court granted all three motions. Appellant appeals directly from the grant of summary judgment in favor of the Authority, enumerating as error not only that order, but also the grant of Dr. Luckett's and RAD's motions in limine.

1. The trial court's order granting summary judgment in favor of the Authority states that "[w]here a motion for summary judgment is *made*, plaintiff has the burden of proving that a background check would have revealed any potentially dangerous characteristics of the employee. [Cits.]" (Emphasis supplied.) If this is not an entirely erroneous statement, it nevertheless is not an entirely correct one. There is no burden on the non-moving party *unless and until* a motion for summary judgment has been *supported* by a prima facie showing of entitlement to judgment as a matter of law. *Herman v. Walsh*, 154 Ga. App. 712 (269 SE2d 535) (1980). Accordingly, before any evidentiary burden could be shifted to appellant, the initial burden was on the Authority to make a prima facie showing either that there were no pre-existing circumstances in Dr. Luckett's work history such as would put it on notice of his incompetency to perform procedure or that it had acted with reasonable care in hiring and retaining Dr. Luckett as an independent staff physician with authority to perform that medical procedure. See generally *Sheffield v. Zilis*, 170 Ga. App. 62, 63 (1) (316 SE2d 493) (1984).

Appellant had alleged that Dr. Luckett was not competent to perform the medical procedure because of his illegal drug use. However, this allegation was clearly pierced by Dr. Luckett's unequivocal denial that he had ever used illegal drugs and, in opposition to this denial, appellant produced no probative evidence to the contrary. Mere unsubstantiated rumors of Dr. Luckett's illegal drug use would constitute non-probative hearsay. While it may be negligent to hire or retain a physician whose performance *is* compromised by illegal drug use, it is not negligent to hire or retain a physician who is only *rumored* to use illegal drugs. Actionable negligence consists of hiring or retaining an otherwise *incompetent* physician, not in hiring and retaining an otherwise competent physician who has merely been the target of slanderous gossip. "No actionable negligence was shown by the fact that [the Authority] did not investigate [Dr. Luckett's] past history [for alleged use of illegal drugs], since [his] denial of any [use of illegal drugs] was uncontroverted [by any competent evidence]." *Odom v. Hubeny*, 179 Ga. App. 250, 252 (2) (345 SE2d 886) (1986). Compare *Harvey Freeman & Sons v. Stanley*, 259 Ga. 233 (378 SE2d 857) (1989), aff'g in part and rev'g in part 189 Ga. App. 256 (375 SE2d 261) (1988) (wherein the evidence demonstrated *both* knowledge and rumor of the employees' *admitted* incompetence).

Dr. Luckett's deposition was also otherwise sufficient to show

that there were *no* other circumstances in his work record such as would demonstrate his pre-existing incompetency to perform the medical procedure. Thus, the burden of producing some evidence to the contrary was shifted to appellant. Appellant urges that this burden was met by evidence that the Authority was aware that, on February 28, 1985, Dr. Luckett had engaged in "strange" conduct by issuing a medical excuse for presentation to the employer of an individual. This medical excuse stated that the individual would be "having radiological examinations of the upper and lower GI tract at [the Authority's hospital facility] performed by [Dr. Luckett] on March 5 and March 6, 1985."

This incident was deemed "strange" by the Authority only because the individual was not scheduled for any procedures at its facility on those days. There was no showing whether this inaccuracy was the product of Dr. Luckett's mere inadvertence or his conscious mendacity. In any event, however, this "strange" incident would have no bearing on the liability of the Authority for the negligent hiring or retention of Dr. Luckett. Neither his mere confusion as to dates nor his deliberate issuance of a false medical excuse would show that Dr. Luckett was incompetent to perform the medical procedure which allegedly resulted in the death of appellant's wife. "Appellant's claim of negligence against [the Authority] is based upon [Dr. Luckett's alleged unskillful performance of a medical procedure]. For [the Authority] to be negligent in hiring and retaining [Dr. Luckett], it would be necessary that [the Authority] knew or should have known of [that incompetency] alleged to have resulted in [the death of] appellant's [wife]. [Cits.] . . . To hold . . . that [the Authority] may be found liable for the negligent employment of a [physician] who subsequently commits [an act of alleged malpractice in the performance of a medical procedure] solely because [the Authority] knew or should have know that [the physician had either inadvertently or consciously issued an inaccurate medical excuse], would be tantamount to holding that there is no longer any proximate causation requirement in negligent employment actions in this state." *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876, 880 (3) (298 SE2d 600) (1982). See also *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 666 (1) (307 SE2d 129) (1983).

Construing the evidence of record most favorably for appellant, a genuine issue of material fact may yet remain as to Dr. Luckett's negligent performance of the medical procedure which allegedly resulted in the death of appellant's wife. However, appellant failed to rebut the Authority's prima facie showing that there were no *pre-existing* circumstances such as would demonstrate Dr. Luckett's incompetency to perform that medical procedure. It follows, therefore, that the trial court correctly granted summary judgment in favor of the Authority.

2. The non-probative rumors of Dr. Luckett's use of illegal drugs and the irrelevant "strange" incident regarding his issuance of the inaccurate medical excuse would be inadmissible insofar as Dr. Luckett's liability for medical malpractice is concerned. Compare *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199) (1979) (discussing the admissibility of evidence regarding the *actual treatment* afforded to other patients by the defendant in a malpractice action). Accordingly, the trial court correctly granted Dr. Luckett's motion in limine to preclude appellant from adducing that evidence at trial.

3. Appellant urges that the rumors and the "strange" incident are nevertheless relevant to show notice of Dr. Luckett's incompetency and should, therefore, be admissible in connection with his negligent hiring and retention claim against RAD.

As discussed in Division 1, it is only Dr. Luckett's alleged preexisting incompetency to perform the medical procedure that is the relevant inquiry in appellant's claim for negligent hiring and retention. The "strange" incident would give no notice of that alleged incompetency and, absent probative evidence that Dr. Luckett's performance had ever been adversely affected by his actual illegal drug use, the rumors would be irrelevant to whether notice of the alleged incompetency had ever been given. Although relevant evidence may be admissible notwithstanding its prejudicial effect, evidence that is both irrelevant and prejudicial is inadmissible. On the basis of the existing record, the evidence excluded on RAD's motion in limine was clearly irrelevant and prejudicial and the trial court correctly held that such evidence should not be admitted unless and until appellant could demonstrate that it was relevant and not merely prejudicial. Compare *Gunthorpe v. Daniels*, supra.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 17, 1990 —
REHEARING DENIED NOVEMBER 7, 1990 —

*Orr & Edwards, W. Fred Orr II, James G. Edwards II*, for appellant.

*Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, David V. Johnson, Long, Weinberg, Ansley & Wheeler, Earl W. Gunn, Debra E. Levorse*, for appellees.