## A94A1124. CONLEY et al. v. GALLUP.

(445 SE2d 275)

BIRDSONG, Presiding Judge.

Plaintiffs appeal the adverse verdict and judgment in this medical malpractice case involving the contention that defendant negligently sutured deceased plaintiff's bladder while performing a radical hysterectomy as treatment for her advanced cancer of the cervix, and thereby caused a fistula which leaked urine through the vagina, leaving the deceased plaintiff incontinent. She died from cancer which evidence indicated had metastasized before defendant performed the radical hysterectomy.

Appellants contend the trial court erred in refusing to allow evidence from defendant's expert witnesses that they were initial contributors of $1,500 to a medical malpractice insurer, Medical Association of Georgia (MAG), and that they were insured by MAG and thus had a financial interest in the case. A second, related enumeration contends the trial court erred in refusing to allow impeachment of a witness by prior inconsistent statement as to his knowledge whether defendant was represented by a MAG attorney and was a policyholder in MAG. *Held*:

Appellee contends there is no evidence in the record that he was insured by MAG. Even assuming appellant could have shown by thorough cross-examination that defendant was insured by MAG, and assuming that there is evidence that any of defendant's witnesses were insured by MAG and were initial contributors to MAG, and assuming further that related matters could be proved by a prior inconsistent statement, the trial court did not err in refusing to admit such evidence.

"We adhere to the rule that generally liability or no-fault insurance coverage of a litigant is not admissible in evidence, and that unnecessary disclosure of such fact is ground for mistrial or reversal. [Cits.]" *Goins v. Glisson*, 163 Ga. App. 290, 292 (292 SE2d 917). See *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269). " 'The rule that the plaintiff be allowed the right of a thorough and sifting cross-examination must be balanced against the rule that irrelevant matters of insurance coverage should be excluded from evidence. In the interest of justice, the matter of insurance which is not a germane issue, should be kept out.' [Cits.] . . . [T]o accept [appellant's argument] would risk injection of the existence of liability insurance into every case in which a defendant doctor or hospital is supported by expert testimony directly or indirectly procured by their insurer." *Thomas v. Newnan Hosp.*, 185 Ga. App. 764, 767 (365 SE2d 859), cert. denied; see *Atlanta Obstetrics &c. v. Abelson*, 195 Ga. App. 274, 281 (8) (392 SE2d 916). Examination of witnesses and regulation of the scope of cross-examination are within the trial court's sound

discretion and this discretion will not be controlled unless it is manifestly abused. *Thomas*, supra at 769.

The "financial interest," if any, of the defendant's witnesses in defendant's liability insurer was not such as to render this evidence so much more material than prejudicial as to warrant admitting it in evidence in this case. We find no manifest abuse of discretion by the trial court's evidentiary ruling complained of on appeal. *Bentley v. B. M. W.*, 209 Ga. App. 526 (433 SE2d 719) is inapposite to this case.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 12, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994 —

*James N. Finkelstein*, for appellants.
*Hull, Towill, Norman & Barrett, Patrick J. Rice, Robert A. Mullins*, for appellee.