## A94A1229. PAVAMANI, P. C. v. COLE et al.
(451 SE2d 795)

Pope, Chief Judge.

Plaintiffs/appellees Lloyd and Beverly Cole brought this medical malpractice and loss of consortium action against defendant E. Victor Pavamani, M. D., P. C., the professional corporation of Dr. E. Victor Pavamani, alleging Dr. Pavamani severed Lloyd Cole's spinal accessory nerve while removing an epidermal cyst from Cole's neck. The case was tried before a jury who returned a verdict in favor of Lloyd Cole on his medical malpractice claim and for defendant on plaintiffs' claims for loss of consortium, punitive damages and expenses of litigation. Defendant appeals following the denial of its motion for new trial.

1. Defendant argues that the trial court erred in denying its motion in limine, which would have prevented plaintiffs from cross-examining an expert witness for the defense concerning his affiliation with MAG Mutual Insurance Company (MAG Mutual), a major medical malpractice insurer operating in this state. Defendant urges that the trial court's ruling forced it to forego calling the witness at trial in order to avoid interjecting insurance into the trial of the case. We find no merit to that contention. Plaintiffs argue, and we agree, that the fact that the witness served on the Board of Directors and various committees of MAG Mutual was a proper subject of inquiry in order to show possible bias of the witness against malpractice claims. While it is true that plaintiffs' right to a thorough and sifting cross-examination must be balanced by the need to avoid the introduction of improper and prejudicial evidence, the record in this case shows that defendant was insured by a rival carrier, not MAG Mutual; thus, evidence of defendant's medical malpractice insurance coverage would not have been put before the jury by virtue of cross-examination of the witness about the witness' affiliation with a rival carrier. Although defendant argues that the jury might have inferred that defendant was insured by MAG Mutual, that is mere supposition on defendant's part; and in any case, this danger could have been easily avoided if the parties had stipulated that the jury be informed prior to the witness' testimony that defendant was not insured by MAG Mutual. This case is thus distinguishable from those cases in which we have ruled that plaintiffs could not inquire into an expert witness' relationship with defendant's insurer. Cf. *Conley v. Gallup*, 213 Ga. App. 487 (445 SE2d 275) (1994); *Thomas v. Newnan Hosp.*, 185 Ga. App. 764, 766 (1) (365 SE2d 859) (1988). The trial court did not err in denying the motion in limine under the facts of this case.

2. Defendant next contends the trial court erred in granting plaintiffs' motion in limine, prohibiting defendant from cross-examining plaintiffs' expert witnesses concerning whether the witnesses had

ever been named as defendants in a complaint alleging medical malpractice. Having examined the record as to this issue, we find it to be without merit. The fact that plaintiffs' experts may have been named as defendants in unrelated malpractice actions is not relevant to the issues being tried in the case at hand. This is especially true where, as here, the record shows that the doctors had only been sued; it fails to establish that either witness had ever been found to have committed an act of professional negligence. The record further shows that neither doctor had ever had a complaint filed against him alleging the negligent severance of a spinal accessory nerve during the removal of an epidermal cyst, as was alleged against the defendant in the case at bar. Under these circumstances, "[w]e cannot say that the trial court's decision to prohibit the line of questioning at issue was an abuse of the discretion it may exercise concerning the scope of cross-examination and the relevancy of evidence." *Johnson v. Wills Mem. Hosp. &c.*, 178 Ga. App. 459, 461 (3) (343 SE2d 700) (1986) (physical precedent only).

3. Having examined the trial court's charge to the jury in its entirety, we find no basis for reversal in any of the reasons urged by defendant. See, e.g., *Packer v. Gill*, 193 Ga. App. 388 (1, 2) (388 SE2d 338) (1989).

4. Because the jury awarded plaintiffs nothing on their claims for punitive damages, costs and attorney fees, error, if any, in submitting these items to the jury for their consideration resulted in no harm to the defendant. *Fuller v. Smith*, 245 Ga. 751 (2) (267 SE2d 23) (1980). Cf. *Ga. Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 772-773 (1) (403 SE2d 235) (1991) (new trial was required because the damages were not itemized, making it impossible to tell if the award included impermissible items).

5. Defendant contends in its final enumeration that the trial court erred in refusing to strike a juror who indicated that her impartiality might be affected by a previous bad experience with a medical doctor. Although the juror indicated initially that because of her prior experience she could not guarantee that she would be impartial, upon subsequent questioning by the trial court she affirmatively responded that she could render a fair and impartial decision based on the evidence presented at trial. "[T]he trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. Given [the juror's] responses to the trial court's questioning and [her] eventual agreement that [she] could decide the case based solely on the evidence presented, we do not find such manifest abuse here. The trial court did not err by denying [defendant's] request to excuse this juror for cause." (Citations and punctuation omitted.)

*Green v. Wilcox*, 206 Ga. App. 192, 193 (424 SE2d 801) (1992). Cf. *Meintzer v. Weinberg*, 212 Ga. App. 307 (1) (441 SE2d 774) (1994).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 21, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

*Whitehurst & Riexinger, Elaine W. Whitehurst, Stephen P. Riexinger,* for appellant.

*Walbert & Hermann, Paul D. Hermann, William K. Day, Charles R. Bridgers,* for appellees.