## A98A2052. WHEELER v. STEWART.
(507 SE2d 540)

BLACKBURN, Judge.

Plaintiff Lillian Wheeler appeals the trial court's grant of defendant's motion in limine which excluded evidence of Dr. Jeff L. Stewart's drug use from the jury in this medical malpractice action. A defendant's verdict was returned. Because the record indicates that any such drug use occurred *after* Stewart's treatment of Wheeler, we affirm the trial court's exclusion of this evidence as irrelevant to the medical malpractice claim and unfairly prejudicial.

On March 25, 1991, Wheeler was riding in a go-cart with her granddaughter. Her granddaughter drove the go-cart into the back of a parked truck, and Wheeler sustained injuries to her abdomen and her leg. Wheeler was treated by Stewart at Bowden Hospital. Several days later, Dr. P. J. Kim performed exploratory surgery at Bowden Hospital and discovered that Wheeler had a ruptured duodenum. Ten days later, Wheeler was transferred to Georgia Baptist Hospital for treatment.

Once she recovered, Wheeler sued Stewart and Kim for failing to

properly diagnose her condition and promptly transfer her to a facility adequately equipped to treat her injuries. After a defense verdict following a jury trial, Wheeler brought this appeal as to Stewart only. Wheeler contends that the trial court erred in excluding evidence that shows that Stewart was taking mood-altering medications at the time that he was treating her.

Wheeler's conclusions are based largely on her mischaracterizations of Stewart's deposition. Wheeler requested in her notice of appeal that all depositions be omitted from the record, including Stewart's. This Wheeler did with knowledge that she had the burden of proof on this issue. On appeal, Wheeler based the majority of her arguments on partial quotes from Stewart's deposition. Wheeler's intentional omissions of the depositions upon which she relies, would have authorized this Court to affirm the trial court without further analysis. Stewart, however, asked that his deposition be included in the record. A review of the record reveals that Stewart admitted that he had improperly taken medication samples of certain mood-altering drugs provided to him by pharmaceutical companies during his practice; however, he testified that this drug use began, at the earliest point, in October 1991, months after he treated Wheeler. Stewart did admit, however, using samples of antibiotics to treat minor infections throughout his practice, but not mood-altering drugs which would affect his ability to treat patients. Thus, the trial court properly determined that evidence of Stewart's drug use and subsequent rehabilitation were not relevant to his treatment of Wheeler, as the use of mood-altering drugs did not begin until Stewart's treatment of Wheeler had terminated.

Wheeler further contends that the testimony of her daughter, Nancy Allen, supports an inference that Stewart was taking mood-altering drugs at the time he was treating Wheeler. However, Allen testified only that Stewart appeared to be perky and full of vigor at night when she spoke to him at the hospital. This lay observation, alone, does not support the conclusion that Stewart was using mood-altering drugs at the time he treated Wheeler. Therefore, Allen's testimony is not sufficient to establish a clear abuse of the trial court's discretion.

Nor did the trial court err by refusing to allow Wheeler to impeach character witnesses with regard to Stewart's use of drugs after the treatment of Wheeler as such evidence had no relevance to the issues on trial. Under these circumstances, we cannot say that the trial court's ruling was an abuse of discretion. See *Pavamani, P. C. v. Cole*, 215 Ga. App. 594, 595 (2) (451 SE2d 795) (1994).

"Questions of relevancy are generally matters within the trial court's discretion[,] and it is not error to exclude evidence that is not related to an issue at trial." *American Assn. of Cab Cos. v. Egeh*, 205

Ga. App. 228, 229 (1) (421 SE2d 741) (1992). "Absent a clear abuse, this [C]ourt will not control the trial court's discretion." *Dept. of Transp. v. Wright*, 169 Ga. App. 332, 336 (1) (312 SE2d 824) (1983).

Moreover, it was not erroneous for the trial court to determine that evidence of Stewart's drug use subsequent to his treatment of Wheeler would be unduly prejudicial. "[E]vidence that is both irrelevant and prejudicial is inadmissible." *Perryman v. DeKalb County Hosp. Auth.*, 197 Ga. App. 505, 508 (3) (398 SE2d 745) (1990).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 14, 1998.

*Robert C. Koski*, for appellant.

*Tisinger, Tisinger, Vance & Greer, David H. Tisinger, David F. Miceli*, for appellee.