A06A2311. MOUNTAIN ORTHOPEDICS & SPORTS MEDICINE, P.C. v. WILLIAMS.
(644 SE2d 868)

ELLINGTON, Judge.

Pursuant to a granted interlocutory appeal taken from the denial of a motion for reconsideration, the defendant below, Mountain Orthopedics & Sports Medicine, P.C. ("Mountain"), challenges an order of the State Court of Rockdale County denying Mountain's

---

motion to dismiss Judy Williams' complaint for injuries sustained "by and through the negligence of [Mountain's] agent, employee and servant, George C. Lambros, Jr." Mountain contended the complaint should be dismissed because it was not filed with the OCGA § 9-11-9.1 affidavit required to accompany a charge of medical malpractice. The state court denied the motion to dismiss, holding that an affidavit is not required "in a suit alleging *professional malpractice* of an employee *when the suit is against an employee who is not a licensed health care provider.*" The issue raised on appeal, however, has been framed by Mountain as follows:

> The trial court ruled that [Williams] is not required by OCGA § 9-11-9.1 to submit an expert affidavit in a medical malpractice case against the professional corporation ("P.C."), i.e., practice group of the physician, even when the suit is based upon the alleged negligence of one of its physician agents/employees. This issue is one of first impression.

First, the issue as set forth by Mountain does not accurately reflect the state court's ruling. Second, the issue as framed by Mountain does not appear to be one contemplated by its complaint. The complaint fails to specifically allege a claim for medical malpractice. In fact, the parties and the state court have proceeded thus far under the assumption that Williams' suit is one alleging medical malpractice as opposed to ordinary negligence. Williams, however, has failed to assert in any pleading a statement from which a court could infer that her suit is one sounding in medical malpractice as opposed to ordinary negligence.

Although Williams' named defendant is a medical corporation, the cause of action is described only as one for "negligence." In fact, one might infer from the complaint that it sounds in ordinary negligence since nowhere does it mention an act of medical malpractice or even describe an act committed by a licensed health care provider.[1] Williams states only that "George C. Lambros, Jr.," who is

---

[1] As we have held:

Whether an action alleges professional [negligence] or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill. It is a question of law for the court to decide. A professional negligence . . . claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. We have previously held that a nurse's failure to activate an alarm, as a doctor ordered, was ordinary negligence. Likewise, claims that employees failed to carry out instructions and that hospitals failed to have appropriate equipment alleged ordinary negligence. However, if a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously

not described as a doctor or other medical professional, "negligently injured" Williams. How he injured Williams is not set forth. We do not know based on the pleadings of record if he failed to protect her from a criminal assault, failed to clean up a slip-and-fall hazard, or failed to properly perform an administrative or a medical procedure. In an attempt to find out exactly what Lambros is alleged to have done, Mountain filed a motion for a more definite statement. The court below has not yet ruled on that motion.

Because the state court has not addressed Mountain's pending motion for a more definite statement, has not specifically addressed the fundamental legal question of whether the complaint sets forth a claim for medical malpractice or ordinary negligence, and has not ruled on the issue Mountain presents to us, this appeal does not present an actual controversy ripe for our review.

> "The existence of an actual controversy is fundamental to a decision on the merits by this court." *Bowers v. Bd. of Regents*, 259 Ga. 221 (378 SE2d 460) (1989). A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot. *Board of Trustees v. Kenworthy*, 253 Ga. 554, 557 (322 SE2d 720) (1984).

*Cheeks v. Miller*, 262 Ga. 687, 688 (425 SE2d 278) (1993).

Nevertheless, we affirm the state court's order denying the motion to dismiss because its actual ruling was essentially correct. Because Williams failed to allege that Lambros, Mountain's agent or employee, was a doctor or other licensed health care provider, the affidavit requirement does not apply to the complaint *as drafted*. OCGA § 9-11-9.1 (d);[2] *Minnix v. Dept. of Transp.*, 272 Ga. 566, 567 (533 SE2d 75) (2000) ("We hold that the plain and unequivocal language of OCGA § 9-11-9.1 (a), as amended, evinces the General Assembly's intent that the expert affidavit requirement in a professional malpractice case apply only to an employer that is a licensed health care facility in a suit where that employer's liability is premised on the action or inaction *of a licensed health care professional* listed in OCGA § 9-11-9.1 [(d)].") (emphasis supplied). Consequently,

---

made, the claim sounds in professional malpractice. (Citations, punctuation and footnotes omitted.) *Upson County Hosp. v. Head*, 246 Ga. App. 386, 389 (540 SE2d 626) (2000).

[2] We note that, to the extent the parties criticize the language of OCGA § 9-11-9.1 and the legislature's intention, it has long been the law that "[w]hat the Legislature really meant, we have no means of knowing, except from what they have plainly said[,]" and it is not the function of the appellate courts "to make laws, or to supply defects in existing laws." *Elkins v. State*, 13 Ga. 435, 437-438 (1853).

the trial court properly denied the motion to dismiss on this limited basis. See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4) (586 SE2d 235) (2003) ("right for any reason" rule).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 29, 2007 —
RECONSIDERATION DENIED APRIL 11, 2007.

*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Sharese Shields*, for appellant.

*Orr & Edwards, W. Fred Orr II, James G. Edwards II*, for appellee.

*Huff, Powell & Bailey, Daniel J. Huff, Erica S. Jansen*, amici curiae.