## A07A1124. CARLISLE v. ABEND et al.
### (653 SE2d 388)

RUFFIN, Judge.

Teresa Jan Carlisle filed a medical malpractice action against Dr. Melvin Abend, alleging that he negligently performed a biopsy and failed to discover a cancerous tumor.[1] Following trial, the jury found in favor of Abend. Carlisle appeals, arguing in three enumerations of error that the trial court impermissibly limited her ability to show bias on the part of Abend's expert witness. For reasons that follow, we disagree and affirm.

The relevant facts show that on August 2, 2000, Carlisle was seen by Dr. Abend, a surgeon, regarding a mass in her breast. Abend performed a "fine needle aspiration biopsy" of the mass, which was negative for cancer. Thus, Abend performed no additional tests. Carlisle returned to Abend for two more examinations; both times there were no further changes to the breast. However, in January 2002, another doctor diagnosed Carlisle with lobular invasive carcinoma, which is a rare type of breast cancer that is apparently difficult to diagnose. When the cancer ultimately was discovered, it had metastasized to Carlisle's spine.

Carlisle filed suit against Abend, alleging that the doctor was negligent in failing to perform a core biopsy rather than a fine needle biopsy, which would have yielded a greater sample for testing. Carlisle also asserts that Abend deviated from the standard of care by failing to refer her for further diagnostic testing. Abend obtained an expert witness, Richard Fine, to testify on his behalf. Before trial, Abend moved in limine to exclude evidence that: (1) Abend or any of Abend's experts was insured by MAG Mutual Insurance Company; (2) Abend had received complaints from any other patients regarding his care; and (3) Abend had been sued before for medical malpractice and that Dr. Fine had testified on Abend's behalf in that lawsuit.

Carlisle contends that the trial court granted the motion. Following a trial, the jury found in favor of Abend. On appeal, Carlisle contends that the trial court erred in limiting her cross-examination

---

[1] Carlisle also sued Melvin N. Abend, M.D., P.C. For the sake of brevity, we refer solely to Abend.

of Dr. Fine regarding potential bias. Particularly, she claims the trial court erred in: (1) precluding her from eliciting evidence regarding a previous lawsuit in which Dr. Fine testified as an expert on behalf of Abend; and (2) precluding cross-examination regarding the fact that Dr. Fine was insured by the same MAG Mutual Insurance Company, which gave him a financial interest in the outcome of the case.[2]

1. As a threshold matter, we question whether Carlisle has preserved these issues for appeal. Although Carlisle asserts that the trial court granted Abend's motion in limine, she provides no record citation for this assertion. As the appellant, Carlisle bears the burden of establishing error affirmatively in the record. It is well settled that this Court will not cull the record — in this case 15 volumes — on an appellant's behalf.[3] Even assuming the trial court granted the motion, we find no basis for reversal.

2. A trial court retains broad discretion in determining whether to admit or exclude evidence, and an appellate court generally will not interfere with that discretion absent abuse.[4] Here, Carlisle argues that the trial court abused its discretion in limiting her ability to show bias, which she claims "may always be proved."[5] However, Carlisle fails to acknowledge that a "plaintiff['s] right to a thorough and sifting cross-examination must be balanced by the need to avoid the introduction of improper and prejudicial evidence."[6]

The trial court precluded Carlisle from presenting evidence that Dr. Fine testified as an expert for Abend in a previous lawsuit. "[A]s a general rule in all negligence actions, evidence of similar acts or omissions is not admissible."[7] This is so because the issue to be tried is only the negligence or nonnegligence of the defendant at the time of the alleged negligent act, which must be determined by the circumstances surrounding that act and not by reputation of the alleged tortfeasor.[8] Here, evidence that Dr. Fine had testified in a previous lawsuit would have shown that Abend had been sued before and suggested that he had a proclivity for negligent conduct. Under

---

[2] Carlisle actually lists these as three enumerations of error, but her argument section does not track the errors as enumerated. Since two of the three enumerations of error are essentially the same — involving Dr. Fine's alleged financial interest — we address them as one.

[3] See *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, 681 (4) (a) (634 SE2d 802) (2006).

[4] See *King v. Zakaria*, 280 Ga. App. 570, 573 (1) (634 SE2d 444) (2006).

[5] See OCGA § 24-9-68 ("The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury.").

[6] *Pavamani, P.C. v. Cole*, 215 Ga. App. 594 (1) (451 SE2d 795) (1994).

[7] (Punctuation omitted.) *Fulton-DeKalb Hosp. Auth. v. Dawson*, 270 Ga. 376, 378 (1) (509 SE2d 28) (1998).

[8] See *Williams v. Naidu*, 168 Ga. App. 539, 540 (309 SE2d 686) (1983).

these circumstances, the trial court did not abuse its discretion in prohibiting Carlisle from questioning Dr. Fine regarding the previous lawsuit.[9]

3. Carlisle contends that the trial court erred in excluding evidence that Dr. Fine was insured by MAG Mutual Insurance Company, which also insured Abend. "[I]t is well-settled law that evidence of a physician's professional liability insurance is generally inadmissible in a medical malpractice case."[10] Indeed, there are several cases from this Court excluding just this type of testimony.[11] And we are unpersuaded by Carlisle's argument that, because a juror with an interest in the MAG Mutual Insurance Company would have been stricken for cause, Carlisle necessarily should have been allowed to cross-examine a witness about his interest in the company. Under the circumstances of this case, it was within the trial court's discretion to limit Carlisle's cross-examination of Dr. Fine regarding his status as an insured of the same mutual insurance company.[12]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 31, 2007.

*Bird & Mabrey, William Q. Bird, Jennifer A. Kurle, Prescott L. Nottingham*, for appellant.

*Greenberg Traurig, Lori G. Cohen, Darcy F. Coty, Michael J. King, Alston & Bird, Elizabeth A. Price*, for appellees.

---

[9] See, e.g., *Johnson v. Wills Mem. Hosp. &c.*, 178 Ga. App. 459, 461 (3) (343 SE2d 700) (1986) (trial court did not abuse its discretion in excluding evidence that expert witness had been a defendant in previous medical malpractice action) (physical precedent only).

[10] *King*, supra.

[11] See *Chambers v. Gwinnett Community Hosp.*, 253 Ga. App. 25, 26-28 (1) (557 SE2d 412) (2001); *McQuaig v. McLaughlin*, 211 Ga. App. 723, 727 (4) (440 SE2d 499) (1994); *Conley v. Gallup*, 213 Ga. App. 487 (445 SE2d 275) (1994); *Thomas v. Newnan Hosp.*, 185 Ga. App. 764, 767 (1) (365 SE2d 859) (1988) (physical precedent only).

[12] See *Chambers*, supra.