A08A0010. HIPSTER, INC. v. AUGUSTA MALL PARTNERSHIP.
(661 SE2d 652)

RUFFIN, Presiding Judge.

Augusta Mall Partnership ("Augusta Mall") sued Hipster, Inc., d/b/a Hipster, a mall tenant, seeking an interlocutory injunction requiring Hipster to relocate to another space within the premises pursuant to the parties' lease agreement. The trial court granted the interlocutory injunction, and Hipster appeals, challenging the order issuing the injunction. For reasons that follow, we reverse.

In September 2005, Hipster, a clothing store, executed a lease agreement with Augusta Mall. Article 9 of the lease, entitled "Additional Construction," provides that

> [Augusta Mall] reserves the right at any time to make alterations or additions to, subdivide, change the building dimensions and storefront lines, build additional stories on the building in which the Leased Premises are contained or on any other building or buildings in the Shopping Center and to build adjoining the Shopping Center. [Augusta Mall] also reserves the right at any time to construct other buildings, structures[,] or improvements. . . . *[Augusta Mall] may elect to relocate [Hipster] to another location in the Shopping Center at [Augusta Mall's] expense.*[1]

In June 2007, Augusta Mall sued Hipster, alleging that "Hipster's wrongful refusal to relocate to another space within the premises after receipt of proper notice by Augusta Mall Partnership is a direct and ongoing violation of the terms of the lease agreement." Augusta Mall sought damages, a writ of possession, and an injunction.

---

[1] (Emphasis supplied.)

At the hearing on the injunction, the only evidence admitted was a copy of the parties' lease agreement.[2] After considering the argument of counsel and the lease, the trial court entered an order granting Augusta Mall's motion for an interlocutory injunction, stating that

> it appearing to the Court that Plaintiff, Augusta Mall Partnership, gave notice to Defendant Hipster, Inc. to relocate pursuant to Article 9 of the Lease Agreement between Plaintiff and Defendant . . . which this Court finds to be an enforceable provision, it is hereby
>
> ORDERED that Defendant immediately vacate the space it currently occupies (space 1424) at the Augusta Mall and relocate, pursuant to Article 9 of the Lease Agreement, to space 1010 under the terms contained in the "New Lease Proposal" . . . until such time as a trial on the merits is held.[3]

1. Hipster contends that the trial court erred in granting an interlocutory injunction to Augusta Mall. We agree.

Trial courts have broad discretion in deciding whether to grant an interlocutory injunction, but " 'the power to do so shall be prudently and cautiously exercised.' "[4] We will not reverse the trial court's exercise of its discretion " 'unless a manifest abuse of that discretion is shown or unless there was no evidence on which to base the ruling.' "[5]

The sole purpose for granting an interlocutory injunction is to maintain the status quo until a final adjudication of the case.[6] "The party seeking an interlocutory injunction must present evidence that the status quo was endangered and in need of preservation, and a trial court abuses its discretion if it grants the injunction without such . . . showing."[7] Here, there was no such showing by Augusta Mall. In fact, the interlocutory injunction did not preserve the status

---

[2] At the hearing, counsel for the parties indicated that the three alternative locations Augusta Mall had offered to Hipster were smaller than its current location and that each of the offers required Hipster to extend its lease.

[3] Counsel did not address Augusta Mall's motion for a writ of possession at the hearing, and it does not appear that the trial court ruled on that motion.

[4] *Meinhardt v. Christianson*, 289 Ga. App. 238, 240 (2) (656 SE2d 568) (2008); see OCGA § 9-5-8.

[5] Id. at 241.

[6] See *Hampton Island Founders, LLC v. Liberty Capital, LLC*, 283 Ga. 289, 293 (1) (a) (658 SE2d 619) (2008); *Byelick v. Michel Herbelin USA*, 275 Ga. 505, 506 (1) (570 SE2d 307) (2002); *Meinhardt*, supra at 240.

[7] *Green v. Waddleton*, 288 Ga. App. 369, 370-371 (1) (654 SE2d 204) (2007).

quo, as it required Hipster to vacate its current space and relocate to a smaller space in the mall.[8]

Moreover, the trial court failed to give proper consideration to the equities of the parties. A trial court

> may issue an interlocutory injunction to maintain the status quo until the final hearing if, by balancing the relative conveniences of the parties, it determines that they favor the party seeking the injunction. That is because an interlocutory injunction is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication. *There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy.*[9]

Here, there is no evidence of vital necessity or that Augusta Mall would suffer irreparable harm if the trial court denied its motion for an interlocutory injunction. And the trial court did not conclude that a balance of the conveniences of the parties favored Augusta Mall; instead, a review of the hearing transcript suggests that it believed that the equities favored Hipster.[10] Because the trial court failed to properly balance the equities of the parties, and

> because there is no evidence of record presented by [Augusta Mall] and no finding by the trial court that the status quo was endangered or in need of preservation, and because the injunction does not in fact preserve the status quo, we find that the trial court abused its discretion in granting the interlocutory injunction.[11]

2. Hipster also contends that the trial court "erred in concluding that the Mall's right to relocate Hipster is absolute and uncontrolled." But the trial court made no such ruling in its order granting the interlocutory injunction. Instead, as Hipster notes in its brief,

---

[8] See *Hampton Island Founders*, supra; *Green*, supra at 371.

[9] (Citation and punctuation omitted; emphasis supplied.) *Hampton Island Founders*, supra at 293 (1) (b).

[10] At the hearing, the trial court questioned the financial impact that a forced relocation to a smaller space would have on Hipster. There was no evidence introduced regarding any irreparable harm that a denial of the motion for interlocutory injunction would have on Augusta Mall.

[11] *Green*, supra; see *Hampton Island Founders*, supra.

> it *appears* from the transcript of the hearing that the [trial court] granted the preliminary injunction because of its conviction that the Mall's right to relocate Hipster within the shopping center is absolute and controlled by no standard of reasonableness or good faith.[12]

But Hipster fails to provide a citation to the record to support this purported conclusion by the trial court. "As the appellant, [Hipster] bears the burden of establishing error affirmatively [by] the record."[13] And we are not required to cull the record on its behalf.[14]

Nevertheless, we have reviewed the record, and it does not support Hipster's allegation. In fact, although the trial court concluded that the lease agreement gave Augusta Mall the right to relocate Hipster to another location within the mall, it also noted that "[Hipster had] the right to say it was not done in good faith" and referred to "a trial on the merits" in the order granting injunctive relief.[15] Thus, this enumeration affords Hipster no basis for relief.

3. Hipster further alleges that the trial court "erred in concluding that Hipster is not entitled to a jury trial." The parties' lease agreement provides that "[t]he parties waive trial by jury in any action, proceeding[,] or counterclaim brought by either of the parties against the other." Hipster argues that this provision conflicts with *Bank South, N.A. v. Howard*,[16] in which the Supreme Court of Georgia concluded that "pre-litigation contractual waivers of the right to trial by jury are not enforceable in cases tried under the laws of Georgia."[17] In response, Augusta Mall specifically states that it "does not dispute the authority of [the *Bank South, N.A. v. Howard* decision]" and "does not insist on enforcement of the lease's waiver of jury trial clause." Instead, Augusta Mall argues that the issue is not ripe because "Hipster has not shown that it has yet been denied a jury trial on any issue properly triable by a jury."

At the hearing, the trial court instructed counsel for Augusta Mall to prepare an order granting an interlocutory injunction and to

---

[12] (Emphasis supplied.)

[13] *Carlisle v. Abend*, 288 Ga. App. 150, 151 (1) (653 SE2d 388) (2007).

[14] See id.

[15] We note that " 'contract construction is usually a question of law for the court to resolve.' " *Noorani C-Stores v. Trico V Petroleum*, 281 Ga. App. 635, 638 (1) (637 SE2d 208) (2006). Here, the trial court specifically noted at the injunction hearing that the parties' lease agreement was unambiguous. And " 'where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties.' " Id.

[16] 264 Ga. 339 (444 SE2d 799) (1994).

[17] Id. at 341.

include therein a ruling that Hipster was not entitled to a jury trial.[18] But the order merely referred to "a trial on the merits," without specifically precluding a jury trial. And "what the judge orally declares is no judgment until the same has been reduced to writing and entered as such."[19] Thus, there is no legal ruling for us to review.[20]

Moreover, even if the trial court had included this ruling — that Hipster waived its right to a jury trial — in the order, we agree that this matter would not yet be ripe for appellate review. In its brief, Hipster states that,

> [i]n the interest of justice and efficiency, . . . Hipster requests that this Court *direct* the Superior Court that, *if Hipster is entitled to a trial* as to whether the Mall has breached the covenant of good faith and fair dealing, it is entitled to have this trial conducted before a jury in the exercise of its constitutional right.[21]

"The existence of an actual controversy is fundamental to a decision on the merits by this court. A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot."[22] Thus, under these circumstances, this enumeration does not present a controversy ripe for our review.[23]

*Judgment reversed. Andrews and Bernes, JJ., concur.*

DECIDED APRIL 24, 2008.

*Charles C. Stebbins III*, for appellant.
*Fulcher & Hagler, Neil S. Bitting, Jr.*, for appellee.

---

[18] Specifically, the trial court stated that "neither side is entitled to a jury trial. I'll go ahead and make that ruling so you [do not] have to appeal twice. You can go ahead and get a decision."

[19] *Tyree v. Jackson*, 226 Ga. 690, 694 (2) (177 SE2d 160) (1970).

[20] See *Smith v. Hutcheson*, 283 Ga. App. 117, 120 (3) (640 SE2d 690) (2006); *In the Interest of A. H.*, 279 Ga. App. 77, 79-80 (1) (630 SE2d 587) (2006); *In the Interest of L. H.*, 242 Ga. App. 659, 660 (2) (530 SE2d 753) (2000); *Brewer v. Schacht*, 235 Ga. App. 313, 318-319 (5) (509 SE2d 378) (1998).

[21] (Emphasis supplied.)

[22] (Citation and punctuation omitted.) *Mountain Orthopedics &c. v. Williams*, 284 Ga. App. 885, 887 (644 SE2d 868) (2007).

[23] See id.